Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiff
AARON NAMOCA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AARON NAMOCA, | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| vs. | |
| CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOES 1 to 50, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

This action involves the unlawful arrest and use of excessive force by police officers of the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT against AARON NAMOCA.

## JURISDICTION & VENUE

1.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

2.      On June 28, 2016, Plaintiff AARON NAMOCA filed a government claim for personal injury with the Office of the City Clerk for the CITY OF SACRAMENTO, regarding the claims asserted herein. The government claim was rejected in a "Notice of Claim Rejection" served by mail on August

1

10, 2016.

3.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

4.     Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## PARTIES

5.     Plaintiff AARON NAMOCA is a resident of the State of California, County of Sacramento.

6.     Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7.     Defendant SACRAMENTO POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8.     Defendant DOE 1 is, and at all material times herein was, a law enforcement officer employed by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant DOE 1 is sued in his individual capacity.

9.     Defendant DOE 2 is, and at all material times herein was, a law enforcement officer employed by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant DOE 1 is sued in his individual capacity.

10.     Defendant DOES 3 to 50 are and/or were agents or employees of Defendants CITY OF SACRAMENTO and/or SACRAMENTO POLICE DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendant DOES 1 to 100 are not now known to Plaintiff AARON NAMOCA who sues such Defendants by their fictitious names. Plaintiff AARON NAMOCA will substitute the true and correct names of said Defendants when

2

the same are ascertained.

## **GENERAL ALLEGATIONS**

11.     At all times relevant herein, all wrongful acts and/or omissions described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12.     On June 7, 2016, around 10:30 p.m., Plaintiff AARON NAMOCA and B.H., a minor, were walking near the corner of Brookfield Drive and Franklin Boulevard in Sacramento, California. The two were heading towards a pre-determined location where they had arranged to be picked up by an Uber driver.

13.     As the two were walking towards their destination, a law enforcement patrol vehicle occupied by Defendants DOE 1 and DOE 2 pulled up and demanded that Plaintiff AARON NAMOCA and B.H. approach the patrol vehicle.

14.     Plaintiff AARON NAMOCA asked what was wrong but Defendants DOE 1 and DOE 2 continued to demand that the two approach the vehicle. Defendants DOE 1 and DOE 2 also demanded that Plaintiff AARON NAMOCA sit down on the ground.

15.     Plaintiff AARON NAMOCA refused to sit on the ground.

16.     Defendants DOE 1 and DOE 2 began to accuse Plaintiff AARON NAMOCA of "tampering" with a mailbox. Plaintiff AARON NAMOCA denied Defendant DOE 1 and DOE 2's accusations.

17.     Plaintiff AARON NAMOCA never tampered with a mailbox.

18.     Defendants DOE 1 and DOE 2 exited their vehicle and approached Plaintiff AARON NAMOCA.

19.     Defendant DOE 1 attempted to tackle Plaintiff AARON NAMOCA to the ground.

20.     Defendant DOE 1 put Plaintiff AARON NAMOCA in a headlock and forcefully dragged him to the ground.

21.     Defendant DOE 1 punched Plaintiff AARON NAMOCA, multiple times, near his head, neck, and upper-body.

22.     As Defendant DOE 1 was punching Plaintiff AARON NAMOCA after tackling him to the ground, Defendant DOE 2 placed his knee on Plaintiff AARON NAMOCA's head, bearing his weight

1   down on his head, pinning it between Defendant DOE 2's knee and the ground.

2   23.   One of Defendants DOE 1 or DOE 2 grabbed Plaintiff AARON NAMOCA's right arm

3   and wrenched it forcefully behind his back, resulting in a painful "popping" sensation.

4   24.   Defendants DOE 1 and DOE 2 were yelling, "Stop resisting!" Plaintiff AARON

5   NAMOCA was yelling, "I'm not resisting!"

6   25.   At no time was Plaintiff AARON NAMOCA resisting.

7   26.   One of Defendants DOE 1 or DOE 2 applied handcuffs to Plaintiff AARON NAMOCA's

8   hands and he was placed in custody in the back of Defendants DOE 1 and DOE 2's patrol vehicle.

9   27.   B.H. was also handcuffed and placed in the back of Defendants DOE 1 and DOE 2's

10   patrol vehicle.

11   28.    While Plaintiff AARON NAMOCA was in custody inside of the patrol vehicle,

12   Defendants DOE 1 and DOE 2 continued to accuse him of "tampering" with a mailbox. Plaintiff

13   AARON NAMOCA continued to deny the accusations.

14   29.   Eventually, a lieutenant-rank police officer (Badge No. 716) arrived at the scene. Shortly

15   thereafter, Plaintiff AARON NAMOCA and B.H. were released from the handcuffs and the patrol

16   vehicle and allowed to leave the scene.

17   30.   Plaintiff AARON NAMOCA was in extreme pain following the incident and

18   contemplated calling law enforcement to assist him. However, Plaintiff AARON NAMOCA decided

19   against calling law enforcement because he had just been assaulted and battered by two police officers

20   and feared retaliation.

21   31.   On June 8, 2016, Plaintiff AARON NAMOCA visited the emergency room at Mercy San

22   Juan Medical Center in order to receive treatment for the injuries he sustained the previous evening.

23   Plaintiff AARON NAMOCA's right shoulder was extremely sore, he had a black eye, and his neck and

24   back were sore. The hospital found that Plaintiff AARON NAMOCA's right shoulder had been

25   dislocated and he received treatment to "pop" his dislocated shoulder back into its socket. Plaintiff

26   AARON NAMOCA's arm was in a sling for approximately a week to promote healing. Plaintiff

27   AARON NAMOCA was informed that the injury to his right shoulder was permanent because there

28   would now always be a greater risk that the shoulder could become dislocated in the future.

4

32.     Plaintiff AARON NAMOCA was required to miss approximately two weeks of work and was subsequently laid-off from work because of the extended time he missed and incurred medical expenses associated with his hospital treatment, as a result of his injuries.

33.      Plaintiff AARON NAMOCA continues to experience soreness in his right arm/shoulder and suffers severe emotional distress as a result of being wrongfully arrested, assaulted, and battered by law enforcement.

**FIRST CLAIM**

**False Arrest**

**(Fourth & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

34.     The First Claim is asserted by Plaintiff AARON NAMOCA against Defendants DOE 1 and DOE 2.

35.     Plaintiff AARON NAMOCA realleges and incorporates the allegations of the preceding paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

36.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrest Plaintiff AARON NAMOCA, without a warrant and without probable cause.

37.     Defendants DOE 1 and DOE 2's false arrest was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff AARON NAMOCA's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

38.     As a direct and proximate result of Defendants DOE 1 and DOE 2's actions, Plaintiff AARON NAMOCA suffered injuries entitling him to receive compensatory and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff AARON NAMOCA prays for relief as hereunder appears.

**SECOND CLAIM**

**Excessive Force**

**(Fourth & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

39.     The Second Claim is asserted by Plaintiff AARON NAMOCA against Defendants DOE 1 and DOE 2.

5

40.     Plaintiff AARON NAMOCA realleges and incorporates the allegations of the preceding paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

41.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, used excessive force in arresting Plaintiff AARON NAMOCA.

42.     Defendants DOE 1 and DOE 2's use of excessive force was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff AARON NAMOCA's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

43.     As a direct and proximate result of the Defendants DOE 1 and DOE 2's actions, Plaintiff AARON NAMOCA suffered injuries entitling him to receive compensatory and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff AARON NAMOCA prays for relief as hereunder appears.

### THIRD CLAIM

**Failure to Intervene**

**(Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

44.     The Third Claim is asserted by Plaintiff AARON NAMOCA against Defendants DOE 1 and DOE 2.

45.     Plaintiff AARON NAMOCA realleges and incorporates the allegations of the preceding paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

46.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, had a duty to intercede when fellow Defendants DOE 1 or DOE 2 were violating and continued to violate Plaintiff AARON NAMOCA's constitutional rights by falsely arresting him and subjecting him to excessive force.

47.     Defendants DOE 1 and DOE 2's conduct was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff AARON NAMOCA's Fourth and Fourteenth Amendment rights secured by the United States Constitution, or was wantonly or oppressively done.

48.     As a direct and proximate result of the Defendants DOE 1 and DOE 2's actions, Plaintiff AARON NAMOCA suffered injuries entitling him to receive compensatory and punitive damages

1    against Defendants DOE 1 and DOE 2.

2         WHEREFORE, Plaintiff AARON NAMOCA prays for relief as hereunder appears.

3                                       **FOURTH CLAIM**

4                                        **False Arrest**

5                          **(Cal. Gov. Code §§ 815.2(a) & 820(a))**

6         49.    The Fourth Claim is asserted by Plaintiff AARON NAMOCA against Defendants CITY

7    OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and Defendants DOE 1 and DOE 2.

8         50.    Plaintiff AARON NAMOCA realleges and incorporates the allegations of the preceding

9    paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

10        51.    Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their

11   official duties as law enforcement officers, falsely arrested Plaintiff AARON NAMOCA, without a

12   warrant and without probable cause.

13        52.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT

14   are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries

15   proximately caused by acts or omissions of their employees acting within the scope of their employment.

16        53.    Defendants DOE 1 and DOE 2's actions constituted oppression and/or malice resulting in

17   great harm to Plaintiff AARON NAMOCA.

18        54.    As a direct and proximate result of Defendants' actions, Plaintiff AARON NAMOCA

19   suffered injuries entitling him to receive compensatory damages against Defendants, and punitive

20   damages against Defendants DOE 1 and DOE 2.

21        WHEREFORE, Plaintiff AARON NAMOCA prays for relief as hereunder appears.

22                                        **FIFTH CLAIM**

23                                      **Assault/Battery**

24                          **(Cal. Gov. Code §§ 815.2(a) & 820(a))**

25        55.    The Fifth Claim is asserted by Plaintiff AARON NAMOCA against Defendants CITY OF

26   SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and Defendants DOE 1 and DOE 2.

27        56.    Plaintiff AARON NAMOCA realleges and incorporates the allegations of the preceding

28   paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

57.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally touched Plaintiff AARON NAMOCA, used unreasonable force to arrest him, and he did not consent to the use of that force.

58.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

59.     As a direct and proximate result of Defendants' actions, Plaintiff AARON NAMOCA suffered injuries entitling him to receive compensatory damages against Defendants, and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff AARON NAMOCA prays for relief as hereunder appears.

<u>**SIXTH CLAIM**</u>

**Intentional Infliction of Emotional Distress**

**(Cal. Gov. Code §§ 815.2(a) & 820(a))**

60.     The Sixth Claim is asserted by Plaintiff AARON NAMOCA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and Defendants DOE 1 and DOE 2.

61.     Plaintiff AARON NAMOCA realleges and incorporates the allegations of the preceding paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

62.     Defendants DOE 1 and DOE 2's conduct, acting or purporting to act in the performance of their official duties as law enforcement officers, was outrageous and, as a result of Defendants DOE 1 and DOE 2's outrageous conduct, Plaintiff AARON NAMOCA did suffer severe emotional distress.

63.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

64.     Defendants DOE 1 and DOE 2's actions constituted oppression and/or malice resulting in great harm to Plaintiff AARON NAMOCA.

65.     As a direct and proximate result of Defendants' actions, Plaintiff AARON NAMOCA suffered injuries entitling him to receive compensatory damages against Defendants, and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff AARON NAMOCA prays for relief as hereunder appears.

## SEVENTH CLAIM

### Negligence

### (Cal. Gov. Code §§ 815.2(a) & 820(a))

66.     The Seventh Claim is asserted by Plaintiff AARON NAMOCA against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and Defendants DOES 1 to 50.

67.     Plaintiff AARON NAMOCA realleges and incorporates the allegations of the preceding paragraphs 1 to 33, to the extent relevant, as if fully set forth in this Claim.

68.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiff AARON NAMOCA a duty of care to not falsely arrest and use excessive force against him. Defendants DOES 3 to 50 owed Plaintiff AARON NAMOCA a duty of care to maintain adequate policies, customs, and/or practices, or training, supervision, and/or discipline regarding prohibitions on false arrest and use of excessive force against persons which Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's law enforcement officers come into contact with. Defendants breached their duties of care.

69.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

70.     Defendants DOS 1 to 50's actions constituted oppression and/or malice resulting in great harm to Plaintiff AARON NAMOCA.

71.     As a direct and proximate result of Defendants' actions, Plaintiff AARON NAMOCA suffered injuries entitling him to receive compensatory damages against Defendants, and punitive damages against Defendants DOES 1 to 50.

WHEREFORE, Plaintiff AARON NAMOCA prays for relief as hereunder appears.

## EIGHTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1; Cal. Gov. Code §§ 815.2(a) & 820(a))

72.     The Eighth Claim is asserted by Plaintiff AARON NAMOCA against Defendants CITY

9

OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and Defendants DOE 1 and DOE 2.

73.     Plaintiff AARON NAMOCA realleges and incorporates the allegations of the preceding paragraphs 1 to 53, to the extent relevant, as if fully set forth in this Claim.

74.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally interfered with Plaintiff AARON NAMOCA's civil rights by threats, intimidation, or coercion. Defendants DOE 1 and DOE 2 falsely arrested and utilized excessive force against Plaintiff AARON NAMOCA, in violation of his rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights secured under article I, section 13 of the California Constitution.

75.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

76.     Defendants DOE 1 and DOE 2's actions constituted oppression and/or malice resulting in great harm to Plaintiff AARON NAMOCA.

77.     As a direct and proximate result of Defendants' actions, Plaintiff AARON NAMOCA suffered injuries entitling him to receive compensatory damages against Defendants, and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff AARON NAMOCA prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AARON NAMOCA seeks Judgment as follows:

1.     An award of compensatory, general, and special damages, according to proof at trial;

2.     An award of exemplary/punitive damages against Defendants DOES 1 to 50, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to the federally protected rights of Plaintiff AARON NAMOCA, or were wantonly or oppressively done, and constituted oppression and/or malice resulting in great harm to Plaintiff AARON NAMOCA;

3.     An award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Code Civ. Proc. § 1021.5, Cal. Civ. Code § 52.1, and any other statute as may be applicable; and

1    4.    An award of any other further relief, as the Court deems fair, just, and equitable.

2    Dated: September 23, 2016                    Respectfully Submitted,

3

4

5    By: _____

6    Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
7    1010 F Street, Suite 300
     Sacramento, California 95814
8    Telephone:      (916) 443-6911
     Facsimile:      (916) 447-8337

9
     Attorneys for Plaintiff
10   AARON NAMOCA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

11

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff AARON NAMOCA.

Dated: September 23, 2016

Respectfully Submitted,

By: _____
     Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
     Sacramento, California 95814
     Telephone:     (916) 443-6911
     Facsimile:     (916) 447-8337

     Attorneys for Plaintiff
     AARON NAMOCA